STEINER ET AL., APPELLANTS, *v.* APPALACHIAN EXPLORATION, INC., APPELLEE.

(No. 12309 — Decided March 26, 1986.)

Homer J. Steiner, pro se.
Bruce E. Smith, for appellee.

MAHONEY, P.J. Appellants, Homer J. Steiner et al., appeal the order of the Summit County Court of Common Pleas granting summary judgment in favor of appellee Appalachian Exploration, Inc. We vacate and remand.

Homer and Rosalie Steiner are the owners of approximately twenty-three acres in Bath Township, Ohio. In June 1981, they entered into an oil and gas lease with Appalachian Exploration, Inc. ("Appalachian") covering these twenty-three acres. Paragraph 15 of the lease agreement provides as follows:

"The Lessee shall * * * pay all damages to growing crops caused by operations under this lease. Any damages if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the Lessor, one by the Lessee, and the third by the two so appointed, and the award of such three persons shall be final and conclusive. Each party shall pay the cost of their appraiser and shall share the cost of the third appraiser."

Appalachian drilled one well in an area of the Steiners' land, which the Steiners contend is a tree farm, and in the process destroyed numerous trees. After the Steiners complained of the damage to their trees, they and Appalachian selected an appraisal panel pursuant to Paragraph 15 to evaluate the damage. After visiting the well in question, the three appraisers concurred in the following appraisal report:

"On 2.23-84 [we] personally examined the well site known as Steiner #1 * * *.

"It is [our] considered opinion that:
"A.    Mr. & Mrs. Homer Steiner's Claim for trees destroyed on said well is

subjective in nature only due to their intense interest in nature and forestry.

"B. Said Claim has no application to the value of the real estate. Or restated, by the taking of the trees on the well site there is no diminution in value of their real property as an entity.

"C. The provision of 'free gas' in a specified amount to their dwelling is in fact an enhancement to the property.

"D. That Appalachian Exploration does not owe Mr. and Mrs. Steiner any compensation for their claim for 'tree damage.' "

After receiving this report which said they had not suffered any damages, the Steiners filed a complaint in the trial court asking that the "Arbitration Award" be set aside for failure to comply with the arbitration requirements set out in R.C. Chapter 2711. The Steiners' complaint further requested that a new arbitration be ordered, or in the alternative, that a jury trial be granted. Appalachian filed a motion for summary judgment claiming that the appraisal could not be overturned. Appalachian's motion was accompanied by an affidavit of one of the appraisers stating that the appraisal panel's purpose was to determine what diminution in value of the Steiners' land, if any, was caused by the destruction of the trees. The Steiners also filed a motion for summary judgment to have the "Arbitration Award" vacated. The trial court denied the Steiners' motion and granted summary judgment in favor of Appalachian. The trial court found that Paragraph 15 provided for an appraisal rather than an arbitration and that as such the procedure was not subject to R.C. Chapter 2711. The trial court further found that because Paragraph 15 provided that the decision of the appraisers was "final and conclusive," the appraisal could not be set aside.

### Assignments of Error

"The trial court erred by refusing to consider that,

"1. The decision of the arbitrators did not seriously address the sole question upon which they were chosen to arbitrate or appraise — i.e. the extent of the damages to a growing crop.

"2. By refusing to vacate the award on grounds of manifest mistake or fraud.

"3. By refusing to vacate the award on grounds that no valid arbitration was ever held in that there was no notice of a hearing, no hearing, and no evidence or testimony taken as to the extent of and amount of damages to the growing crop.

"4. The court has engaged in sophistry as has the defendant in order to wholly deny plaintiffs any relief of any nature for extensive damage to crops suffered during the drilling operation by defendant.

"5. The trial court ruled that there was no provision in the lease for 'arbitration' but only for 'appraisement.' Therefore, ipso facto, there was an appraisal which is now final and conclusive. This begs the question and is wholly fallacious. The parties never contracted for an appraisal of real estate values but only as to amount of loss from damage to crops. Both parties presumed the applicable section in the lease (Sec. 15) was an arbitration clause."

Unfortunately, the words "arbitration" and "appraisal" are frequently used interchangeably without regard to their underlying legal meaning. 6 Ohio Jurisprudence 3d (1978) 6, Arbitration and Award, Section 1. Paragraph 15 clearly provides only for the valuation of any damage done to crops by the drilling operations and no more. As such, the trial court was correct in finding that Paragraph 15 provides for an appraisal and not for an arbitration. See *Royal Ins. Co.* v. *Ries* (1909), 80 Ohio St. 272, 88 N.E. 638, paragraph two of the syllabus; 6 Ohio Jurisprudence 3d (1978) 6, 7, Arbitration and Award, Section 1. The trial court was in error, however, in

finding that the appraisal was not subject to vacation.

Appraisals made pursuant to contract may be set aside if fraud or manifest mistake is present. *Lakewood Mfg. Co.* v. *Home Ins. Co. of New York* (C.A. 6, 1970), 422 F. 2d 796, 798, 52 O.O. 2d 147, 149. The Steiners allege no fraud in this case, but do claim that the appraisers were mistaken as to their purpose and evaluated the parcel of real estate and did not determine the damages to the trees. A "manifest mistake" is a mistake of such character that the appraisers would have corrected it if they had been made aware of it, rather than a mere mistake of judgment. *Id.* See, also, *Pfleger* v. *Renner* (1920), 13 Ohio App. 96. The use of the phrase "final and conclusive" in Paragraph 15 in reference to the appraisers' decision does not divest the trial court of the power to set it aside because of fraud or manifest mistake. See 17 Ohio Jurisprudence 3d (1980) 543, Contracts, Section 103; 14 Couch, Insurance 2d (Rev. Ed. 1982) 339, Section 50:260.

The trial court improperly found the appraisal to be immune to vacation and did not consider, as it should have, whether the appraisal should be vacated because of manifest mistake. We must therefore vacate the lower court's order and remand for that court to determine whether the appraisers were mistaken and evaluated the wrong "property" and, if so, whether the mistake requires that the appraisal be set aside.

### Summary

Appellants' assignment of error is sustained in part and overruled in part. The judgment is vacated and the cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment vacated
and cause remanded.*

QUILLIN and BAIRD, JJ., concur.