DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, which granted summary judgment to appellees on appellants' parol partition real estate claim. Based upon the disputed summary judgment ruling, the trial court referred the matter to a panel of partition commissioners, which issued a commissioners' report dividing the subject real estate on a percentage of acreage *Page 2 
basis. For the reasons set forth below, this court reverses the summary judgment ruling on parol partition thereby voiding subsequent actions in furtherance of partition and remands this case to the trial court for further proceedings consistent with this decision.
 {¶ 2} Appellants, Warren and Susan Ruggles, set forth the following two assignments of error:
 {¶ 3} "First Assignment of Error and Issue Presented. The Trial Court Erred in Granting Summary Judgment on the Parol Partition Claim, Because Genuine Issues of Material Fact Remain for Adjudication.
 {¶ 4} "Second Assignment of Error and Issue Presented. The Trial Court Abused its Discretion in Determining the Ruggles' Objections to the Report and Recommendation of Partition Commissioners."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On April 20, 2004, appellants filed an equitable action in partition against appellees. The parties are siblings. This case stems from a protracted family dispute between the siblings about the disposition and ownership of several family-owned farms.
 {¶ 6} Appellants asserted in their initial claim that the two primary subject parcels of real estate, the Webb Settlement Farm and the Ruggles Road Farm, had *Page 3 
been partitioned pursuant to parol agreement. In accordance with this contention, appellants requested a judicial determination that they are the sole owners of the Webb Farm and that appellees are the sole owners of the Ruggles Farm. At present, the farms are co-owned by the parties. Each party owns approximately 85 percent of one farm and 15 percent of the other farm.
 {¶ 7} The primary parties to this action, Warren Ruggles and Allen Ruggles, are brothers. The farms at issue are in immediate proximity to another. The properties have been owned and farmed by the Ruggles' family for approximately seven generations.
 {¶ 8} The record contains ample evidence that some of the relationships between family members, particularly as it pertains to family real estate and assets, have been contentious for many years. While we recognize and note that there are deep rooted and strongly held emotions that have played a significant role in the genesis of this matter, we emphasize that the unfortunate family feuding is irrelevant to the fundamental legal issue underlying this appeal.
 {¶ 9} The determinative issue driving this appeal is whether the trial court properly granted summary judgment on the issue of parol partition. The disputed summary judgment on this issue is what enabled all subsequent administrative and *Page 4 
judicial actions in furtherance of statutory partition once the trial court determined that no parol partition had already occurred.
 {¶ 10} On November 12, 2004, appellants filed for summary judgment. In relevant part, appellants asserted that the Webb Farm and Ruggles Farm had been subject to a de facto partition based upon parol agreement of the parties and should be declared fully and separately owned by judicial enforcement of the alleged oral agreement.
 {¶ 11} In response to appellants' motion for summary judgment, appellees filed a cross-motion for summary judgment seeking a judicial determination that no de facto partition had occurred or existed. The opposing sides each accompanied their respective motions with supporting affidavits.
 {¶ 12} On February 25, 2005, the trial court issued its summary judgment decision. The trial court held that no parol partition had occurred, thereby rendering all parcels subject to an administrative statutory partition action. The trial court forwarded that matter to the administrative partition commission.
 {¶ 13} On February 21, 2006, the three-member partition commission issued its decision and report dividing the properties on a percentage of acreage ownership basis. On June 9, 2006, the trial court accepted the commissioners' *Page 5 
report with a modification creating a buffer designed to minimize contact between the parties.
 {¶ 14} On February 21, 2007, the trial court issued an order rendering all of the above orders final and appealable. On March 19, 2007, appellants filed a timely notice of appeal.
 {¶ 15} In their first assignment of error, appellants contend that the trial court erred in granting summary judgment on the issue of parol partition. In support, appellants argue that given the contradictory affidavits and other evidence relevant to the parol partition dispute, the trial court erred in finding that no genuine issue of material fact remained as to whether a parol partition had transpired between the parties.
 {¶ 16} We have carefully scrutinized and considered the opposing summary judgment affidavits. Appellants' supporting affidavit delineates numerous burdens and benefits of each of the disputed parcels. The affidavit attests that each of the respective parties has fully and separately incurred these burdens and benefits. Warren Ruggles incurs all expenses and receives all benefits from the Ruggles Road Farm. Allen Ruggles incurs all expenses and receives all benefits from the Webb Settlement Farm. Such an arrangement could be construed as counter to co-ownership. The affidavit further asserts that the parties entered into a parol *Page 6 
agreement to a de facto partition of the respective parcels on a basis consistent with the above terms.
 {¶ 17} By contrast, appellees' supporting affidavit attests that the burdens and benefits of ownership of the two parcels were done separately for convenience purposes. Appellees' affidavit denies that there was ever a parol agreement to a de facto partition of the parcels.
 {¶ 18} Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can but come to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56 (C); Leibreich v. A.J.Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 268; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 19} It is well established that appellate review of a trial court's summary judgment determination is conducted on a de novo basis, applying the same above-described authoritative summary judgment criterion utilized by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio St.3d 127, 129; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. *Page 7 
 {¶ 20} In order to determine the merits of this appeal, we must consider whether reasonable minds could consider the opposing summary judgment evidence and differ as to whether it indicated that the parties had entered into a parol partition agreement regarding the Webb Farm and Ruggles Farm.
 {¶ 21} We note that while some states have held over the years that a parol agreement to a de facto partition of real estate is within the statute of frauds and is therefore invalid and unenforceable, this is not the state of the law in Ohio. 133 A.L.R. 476. In Ohio, parol partitions may be sustained given sufficient equitable grounds.Docktermann v. Elder (1892), 11 Ohio Dec. Reprint 506, 27 W.L.B. 195.
 {¶ 22} Appellees suggest that they were not actually granted summary judgment on the parol partition issue. We disagree. The summary judgment decision unambiguously stated that all property was subject to statutory partition. The decision expressly found that no prior partition had occurred. We find that this constitutes a summary judgment ruling in favor of appellees' position that there was no parol partition.
 {¶ 23} In support of summary judgment on parol partition, appellants' affidavit attested that they solely incurred the burdens connected to ownership of the Ruggles Farm and solely received the benefits associated with the Ruggles Farm. Similarly, appellants' affidavit attested that appellees solely incurred the *Page 8 
burdens connected to ownership of the Webb Farm and solely received the benefits associated with the Webb Farm. Consistent with these claims, appellants' affidavit asserted that the parties had agreed to de facto partition of these respective properties.
 {¶ 24} To rebut appellants' parol partition position, appellees' summary judgment affidavit asserted that the above-described separate property arrangements were done strictly for the convenience of the parties. Appellees' affidavit explicitly denied that the parties had agreed to a de facto partition of the properties.
 {¶ 25} We have carefully reviewed and considered the record of evidence. We have given particular consideration to the evidence pertaining to the determinative issue of parol partition. We find that reasonable minds can review this evidence and reach differing conclusions as to the genuine issue of material fact on whether there was a parol partition of the properties between the parties. Summary judgment on this issue was not proper.
 {¶ 26} In light of our finding that the parol partition issue should not have been disposed of by summary judgment, subsequent partition actions are moot. Appellants' first assignment of error is found well-taken. Appellants' second *Page 9 
assignment of error, challenging the actions of the partition commission, is moot. We remand to the trial court on the parol partition claim.
 {¶ 27} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.
 {¶ 28} Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Huron County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1