DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, which granted appellees' motion to disqualify West Ruggles, appellants' son, as co-counsel for appellants. For the reasons set forth below, this court reverses the judgment of the trial court and remands this matter for further evidentiary proceedings and findings of fact. *Page 2 
 {¶ 2} Appellants, Warren and Susan Ruggles, set forth the following sole assignment of error:
 {¶ 3} "The Trial Court abused its discretion in summarily disqualifying appellants' counsel based upon the unsubstantiated paper representations of opposing counsel without any consideration of the defining legal principles."
 {¶ 4} While noting the lengthy history of the underlying litigation between the parties, given the narrow scope and procedural nature of the issue presently pending on appeal, we will confine our recitation of the facts in conformity with the limited scope of this appeal.
 {¶ 5} On April 7, 2008, appellees filed a motion in the trial court to disqualify West Ruggles as counsel for appellants. In support, appellees asserted that West is a material witness to the litigation and would ultimately testify at trial regarding various "incidents."
 {¶ 6} On April 21, 2008, appellants filed a brief in opposition to the motion to disqualify West Ruggles as one of their counsel. In support, appellants asserted the motion was not justified pursuant to the legal standard which must be established to warrant attorney disqualification. Appellants maintained that the motion was legally unsupported and constituted a mere tactical maneuver. Appellants sought an evidentiary hearing regarding the motion. No hearing was conducted.
 {¶ 7} On April 22, 2008, the trial court issued its decision granting appellees' motion to disqualify West Ruggles as co-counsel for appellants. In addition to not *Page 3 
conducting a hearing on the pending motion, the trial court decision itself did not contain any specific legal analysis or corresponding findings of fact in support of the decision. Timely notice of appeal was filed.
 {¶ 8} In the sole assignment of error, appellants contend that the trial court erred and abused its discretion in ruling on appellees' motion to disqualify counsel for appellants without engaging in the appropriate legal test and tendering the requisite legal findings, as mandated by the Ohio Supreme Court.
 {¶ 9} In the seminal attorney disqualification case of Mentor LagoonsInc. v. Rubin, et al. (1987), 31 Ohio St.3d 256, the Ohio Supreme Court explicitly established the test factors which must be considered and determinations made by the trial court prior to rendering a decision on a motion to disqualify such as the one in this case.
 {¶ 10} The Mentor case held that if an attorney in a pending case will also be called to testify as a witness in that case, the trial court must first determine whether the testimony to be furnished by the attorney would be generally admissible. Mentor held that this initial admissibility determination is to be made without regard to the exceptions to an attorney also serving as a witness set forth in DR 5-102(A), now replaced by Prof.Cond.R. 3.7.
 {¶ 11} If the court determines that the testimony would generally be admissible, then a motion may be made requesting the attorney to be disqualified by the court. At that juncture, the trial court must then consider and determine whether any of the enumerated exceptions set forth in Prof.Cond.R. 3.7(a)(1)-(3) applies to the testimony. If *Page 4 
it is found both that the anticipated testimony is necessary and that an exception applies, then it is permissible for the attorney to continue representation and also serve as a witness.
 {¶ 12} Appellate review of such motion to disqualify decisions is conducted pursuant to an abuse of discretion standard. Mentor Lagoon,Inc. v. Teague (1991), 71 Ohio App.3d 719, 724. An abuse of discretion is more than a mere error and law or judgment. It requires evidence that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} We must apply this legal framework to the record from below and determine whether the trial court's judgment in granting appellees' motion to disqualify West Ruggles as co-counsel for appellants was unreasonable, arbitrary, or unconscionable.
 {¶ 14} The trial court record establishes that no evidentiary hearing was conducted prior to the disqualification decision being rendered. As such, the principal evidence in the record is the written decision issued by the court.
 {¶ 15} The disqualification judgment states in relevant part, "First, this Court declares that West Ruggles is not to be co-counsel on this case. There is enough of a possibility that he may be called as a witness to preclude his ability to serve as an attorney on the case. Nor is there any particular need for him to serve as co-counsel; Plaintiffs' counsel is quite capable." *Page 5 
 {¶ 16} We find that the above quoted judgment rendered on appellees' motion to disqualify failed to engage in the specific legal analysis and make the specific findings of fact required by Mentor. Given this record, we find the motion to disqualify judgment to be arbitrary, unreasonable and, therefore, an abuse of discretion. Appellants' assignment of error is well-taken.
 {¶ 17} On consideration whereof, we find substantial justice was not done in this matter. The judgment of the Huron County Court of Common Pleas on appellees' motion to disqualify West Ruggles is reversed and the matter is remanded to the trial court for further evidentiary proceedings and requisite findings of fact to be conducted consistent with the decision of this court. Appellees are ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT REVERSED.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1