[Cite as *Ruggles v. Ruggles Family Ltd. Partnership*, 2014-Ohio-3852.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Warren Ruggles, et al.

    Appellants

v.

Ruggles Family Ltd. Partnership, et al.

    Appellees

Court of Appeals No. H-12-031

Trial Court No. CVH 20040335

**DECISION AND JUDGMENT**

Decided: September 5, 2014

* * * * *

Jeffrey P. Nunnari, for appellants.

Peter J. Krembs and Jeffrey S. Moeller, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} We consider the appeal of Warren and Susan Ruggles, appellants, in case

No. H-12-031. Appellees are the Ruggles Family Limited Partnership, Allen Ruggles,

Verna Ruggles, Marc Ruggles, Betsy Ruggles, A & V Ruggles Farms, LLC, and A & M

Ruggles Equipment Company, LLC. A case history of this family dispute can be gained

from a review two prior decisions of this court. *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-09-031, 2010-Ohio-3923; *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-07-011, 2007-Ohio-5889.

{¶ 2} By order of January 3, 2013, we consolidated this appeal with the appeal of Warren and Susan Ruggles in case No. H-12-028. Appellees had filed a motion to dismiss both appeals on December 27, 2012. In a decision and judgment filed on April 15, 2013, we granted the motion to dismiss with respect to appeal No. H-12-028 and dismissed that appeal. We overruled the motion to dismiss appeal No. H-12-031.

{¶ 3} In the remaining appeal, Warren and Susan Ruggles appeal a judgment of the Huron County Court of Common Pleas that was journalized on November 15, 2012. In the judgment, the trial court refused to exercise jurisdiction to consider an October 26, 2012 motion by appellants for the trial court to issue an order to show cause and to enforce a November 16, 2011 settlement agreement between the parties.

{¶ 4} Appellants assert one assignment of error on appeal:

## Assignment of Error

The trial court erred as a matter of law by refusing to entertain the appellants' motion to show cause and to enforce settlement agreement based on an alleged lack of jurisdiction.

{¶ 5} In our April 15, 2013 judgment, this court determined that the trial court "incorporated the settlement agreement and specifically retained jurisdiction to enforce"

2.

the settlement in its November 16, 2011 judgment. *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron Nos. H-12-028 and H-12-031, p. 4 (Apr. 15, 2013).

Appellees acknowledge that the settlement between the parties was reduced to writing and journalized by the trial court on November 16, 2011. They also acknowledge that the trial court retained jurisdiction with respect to the settlement. Appellees state in their appellate brief that they do not oppose remand of the case as requested by appellants. Appellants seek reversal of the trial court judgment and remand of the case for further proceedings pursuant to App.R. 12(D).

{¶ 6} We find appellants' assignment of error well-taken. We reverse the judgment of the Huron County Court of Common Pleas journalized on November 15, 2012, and remand this case for further proceedings including consideration by the trial court of appellants' October 26, 2012 motion for an order to show cause and to enforce the settlement agreement between the parties.

{¶ 7} Appellees argue that the costs of this appeal should not be assessed to them, stating that the trial court error was a result of a dismissal order entered by the court sua sponte and that neither party sought the dismissal. In considering costs, however, we also recognize that initially appellees opposed this appeal and unsuccessfully moved to dismiss it. We order appellees to pay the costs of appeal in case No. H-12-031, pursuant to App.R. 24(A)(3).

Judgment reversed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                              _____
                                                      JUDGE

Arlene Singer, J.


Stephen A. Yarbrough, P.J.              _____
CONCUR.                                                    JUDGE


                                                    _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.