[Cite as *Ruggles v. Ruggles Family Ltd. Partnership*, 2016-Ohio-1479.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Warren Ruggles, et al.

Appellants

v.

Ruggles Family Limited Partnership, et al.

Appellees

Court of Appeals Nos. H-15-005
H-15-007

Trial Court Nos. CVH 2004 0335
CVH 2014 0922

**DECISION AND JUDGMENT**

Decided: April 8, 2016

* * * * *

West M. Ruggles, for appellants.

Jeffrey S. Moeller, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellants, Warren W. Ruggles and Susan A. Ruggles, appeal from two judgments of the Huron County Court of Common Pleas rendered in two separate cases, which have been consolidated on appeal. Appellants appeal the January 16, 2015 judgment in case No. CVH 2004 0335 (hereinafter the "2004 case"), ruling on appellants'

motion to enforce a 2011 settlement agreement.  Appellants also appeal the March 25, 2015 judgment in case No. CVH 2014 0922 (hereinafter the "2014 case"), dismissing appellants' complaint to enforce a 2013 settlement agreement.  For the reasons which follow, we affirm in part and reverse in part.

{¶ 2} This appeal involves an ongoing dispute since 2004 between two siblings regarding appellants' action for a partition of the real property co-tenancies which had been devised to them by their parents and an action in replevin.  Appellees counter-claimed that appellants failed to fully pay their share of rents and expenses associated with the co-tenancies of these parcels.  The real property at issue in this action consists of property located in Huron County, Ohio, and identified as the Webb Settlement Road Farm, Ruggles Road Farm, Meyer Farm, Huber Road Site with Structures, and the Huber Road Farm.

{¶ 3} This case has been appealed on several other issues:  *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-07-011, 2007-Ohio-5889 (Nov. 2, 2007) (denial of summary judgment reversed); *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-08-012, 2008-Ohio-5037 (Sept. 30, 2008) (disqualification of appellants' son as a co-counsel reversed); and *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-09-031, 2010-Ohio-3923 (Aug. 20, 2010) (affirmed the trial court's finding that no parol partition of the two parcels had occurred).

{¶ 4} In the current consolidated appeal, appellants assert the following assignments of error:

2.

First Assignment of Error

The trial court erred in dismissing the second case because the local rules of court require the moving party to schedule and notify the non-moving party of a non-oral hearing date on a motion to dismiss – and the briefing schedule is governed by the hearing date.

Second Assignment of Error

The trial court erred in dismissing the second case because res judicata is not a defense that can be raised by a Civ.R. 12(B) motion to dismiss; the motion should have been converted into one for *summary judgment*, for which the trial court must give notice to the parties and reasonable opportunity to present Civ.R. 56 evidence.

Third Assignment of Error

The trial court erred in dismissing the second case because it did not have any proper or substantive evidence of the prior proceedings before it to make a determination that the claims brought in the second case had already been brought and litigated in the first case.

Fourth Assignment of Error

The trial court erred in dismissing the second case because its finding that the claims had already been brought and litigated in the first case is erroneous and is unsupported by the record.

3.

Fifth Assignment of Error

The trial court erred as a matter of law in the first case by exercising jurisdiction over claims for breach of an extrajudicial settlement agreement because I. being new claims, those claims were not before the court for adjudication, II. they were already the subject of pending litigation in a separate case, and III. the court stated on the record that it would not hear them.

Sixth Assignment of Error

The trial court erred as a matter of law in the second case by improperly ruling that appellants could not maintain a new lawsuit over claims resulting from the breach of extrajudicial settlement agreement just because it was related to a prior case.

Seventh Assignment of Error

The trial court erred as a matter of law in the first case by ruling that a court-appointed appraiser's findings are irrebuttable, which is a denial of due process.

Eighth Assignment of Error

Although the trial court simply sanctioned the court-appointed appraiser's valuations of the two houses as "irrebuttable," if the court had weighed the evidence (which it appears it initially did), those valuations

should have been found to be (and were) against the manifest weight of the evidence.

Ninth Assignment of Error

The trial court erred in admitting into evidence the report of a court-appointed expert because 1) it was never filed with the court, 2) it did not contain a proof of service, 3) the document was not properly authenticated, and 4) the findings were not subject to cross-examination as the expert was not present.

{¶ 5} On November 16, 2011, the parties entered into a settlement agreement (hereinafter the "2011 settlement agreement"). They agreed to divide the five parcels of real property as follows: Appellees would become the sole owners of the Webb Settlement Farm and the Huber Road Site with Structures. Appellants would become the sole owners of the Meyer Farm. The Huber Road Farm and the Ruggles Road Farm were divided, along with the respective improvements on each parcel, between the parties. The agreement also outlined the process for the division of the 2011 crops in situ and other incidental matters.

{¶ 6} Furthermore, the parties agreed to the payment of a cash adjustment amount to equalize the property division due to the value of the improvements situated on the real property (i.e., the rental house on the Webb Settlement Farm; the jointly owned improvements on the Huber Road Farm (including the family homestead house, the garage building, 4 grain bins, chicken house, pig pen, fuel shed building/oil shanty,

5.

granary, pump house, two barns, corn barn, and 2 hopper bins, but not the connecting piping, propane tanks and appliances, pole barn, and 3 separately owned grains bins); and the barns on the Ruggles Road Farm. The payment was to be based on the fair market appraisal value of the improvements separate from the value of the real estate upon which it was situated and each party's percentage interest in the real property.

{¶ 7} The agreement outlined further details about the appraisal and surveying process. The parties agreed that "Allen shall pay Warren * ** Warren's percentage interest. * * * The 'Adjustment Amount' shall be paid within 14 days of Allen's receipt of the appraisal." If the parties could not agree on an appraiser, one would be selected by the court. No provision was included regarding challenging the appraiser's report. The agreement also provided that the court shall retain jurisdiction to enforce the terms of the agreement.

{¶ 8} Thereafter, the court, sua sponte, entered a judgment on July 30, 2012, finding the case was settled and dismissed the case with prejudice. The court denied appellants' request to retain jurisdiction to enforce the settlement agreement on October 9, 2012. On October 26, 2012, appellants moved to show cause and enforce the settlement agreement and final order of November 16, 2011. On November 15, 2012, the trial court held it would not consider the motion because the court had not retained jurisdiction and had no authority to hear the matter. Appellants appealed both the October 9, 2012 (case No. H-12-028) and November 15, 2012 (case No. H-12-031) judgments of the trial court and we consolidated the appeals.

6.

{¶ 9} While that appeal was pending, the parties agreed in writing on June 25, 2013, to settle three additional issues arising out of the 2011 settlement agreement for the payment of $20,500: the value of the mahogany table top, accounting issues from the 2011 harvest year, and the "tin barn dispute" concerning the ownership and appraisal of a barn which was discovered not to have been located solely on one party's property as previously thought. Appellees agreed to pay the $20,500 to appellants by July 31, 2013. The parties also agreed to mediate again on July 11, 2013 regarding the "precise division of the appraised value of the Webb Settlement Home and [illegible] Huber Road Farm (structures only) (no land appraisals)." The agreement further provided that "[i]f settlement [sic] reached on Webb Settlement and Huber Rd. structures, pending appeal will be dismissed with prejudice." The events that occurred after the 2013 settlement agreement was reached are discussed in further detail below.

{¶ 10} The appeal continued and we ultimately found the July 30, 2012 and October 9, 2012 judgments were nullities because the settlement agreement provided for the court to retain jurisdiction until the settlement agreement was completed. Therefore, we dismissed the appeal from case No. H-12-028. *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-12-028 (Apr. 15, 2013).

{¶ 11} We found the appeal of the November 15, 2012 judgment denying the motion to enforce the settlement agreement was a final order. We remanded the case to the trial court for consideration of appellants' motion to enforce the 2011 settlement

7.

agreement. *Ruggles v. Ruggles Family Ltd. Partnership*, 6th Dist. Huron No. H-12-031, 2014-Ohio-3852 (Sept. 5, 2014).

{¶ 12} On remand of the 2004 case, the issue before the trial court was the enforcement of the 2011 settlement agreement. In order to enforce the 2013 settlement agreement appellants needed to file a separate action, which they did in 2014, and the court could have consolidated the two actions but did not.

{¶ 13} On remand, the trial court held an evidentiary hearing on December 18, 2014, to consider only appellants' motion to show cause regarding the enforcement of the 2011 settlement agreement. The court specifically indicated that it was not concerned with the 2013 settlement agreement if it was unrelated to the issues in the 2011 settlement agreement. The confusion that arose during the hearing is discussed below.

{¶ 14} On January 16, 2015, the court filed its judgment regarding the enforcement of the 2011 settlement agreement. The court concluded that the parties were bound by the valuation made by the court-appointed appraiser absent a showing of some irregularity or fraud. The court concluded there was no evidence of an irregularity or fraud and ordered the value of the properties as determined by the appraiser be used in determining the amount to be paid by appellees to appellant: $2,008.30 (appellants' .14345 percent share of the Webb Settlement house); $1,500 (appellants' 50 percent share of the Huber Road house).

{¶ 15} However, the court further found the parties were bound by the 2013 settlement agreement and ordered appellees to pay $20,500 and further that this amount

8.

did not include appellants' share of the value of the two houses. The court granted the motion to show cause in favor of appellants and ordered appellees to pay appellants the sum of $24,008.30 as full and final satisfaction of all claims between the parties. The court denied appellants' motion for attorney fees relating to the motion to show cause to enforce the 2011 settlement agreement. Appellants appeal this decision (case No. H-15-007).

{¶ 16} On March 25, 2015, the trial court granted appellees' motion to dismiss the 2014 action filed to enforce the 2013 settlement agreement. The court found the claims had already been litigated in the 2004 action. Appellants appeal this judgment as well (case No. H-15-005) and the two appeals were consolidated on appeal.

{¶ 17} We begin our review with appellants' seventh, eighth, and ninth assignments of error which relate to the enforcement of the 2011 settlement agreement.

{¶ 18} In their seventh assignment of error, appellants argue the trial court erred as a matter of law by ruling that a court-appointed appraiser's findings are irrebuttable because this would deny appellants procedural due process. We disagree. The sole purpose of a settlement agreement is to end the litigation. That agreement provided for an appraiser to be appointed by the court if the parties could not agree. The court-appointed appraiser conducted an appraisal and valued the premises. The agreement was silent as to the right to challenge the appraiser's valuation. However, the agreement did provide that the adjustment payment was to be paid within 14 days after receipt of the appraiser's report. We find the agreement was unambiguous and cannot be supplemented

9.

with parol evidence regarding Warren Ruggles' prior rejection of draft language which prohibited challenging the appraiser's report. *Johansen v. Ohio Dept. of Mental Health*, 10th Dist. Franklin No. 12AP-39, 2012-Ohio-4834, ¶ 20. Therefore, we find appellants were bound by the agreement to accept the appraiser's valuation of the two houses. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996).

{¶ 19} Therefore, we find that appellants waived their right to challenge the accuracy of the appraiser's valuations. Appellants' seventh assignment of error is not well-taken.

{¶ 20} Appellants argue in their eighth assignment of error that the manifest weight of the evidence supported a finding that the appraisal was erroneous. An appraisal arising out of a contractual agreement can only be challenged on the grounds that the appraiser acted fraudulently, made a material mistake, or failed to comply with the agreement. *Lowe v. Brown*, 22 Ohio St. 463 (1872) (appraisal made pursuant to a lease agreement); *Csuhran v. Merrimack Mut. Fire Ins. Co.*, 11th Dist. Lake No. 93-L-143, 1994 WL 102248, *1 (Mar. 18, 1994), citing *Lakewood Mfg. Co. v. Home Ins. Co. of New York*, 422 F.2d 796, 798 (6th Cir.1970) (appraisal made pursuant to an insurance contract); *Steiner v. Appalachian Exploration, Inc.*, 31 Ohio App.3d 177, 179, 509 N.E.2d 1271 (9th Dist.1986) (appraisal made pursuant to an easement agreement). *Compare Corrigan v. Rockefeller*, 67 Ohio St. 354, 367-368, 66 N.E. 95 (1902) (arbitration award can be challenged only on the ground of fraud or material mistake);

10.

*Baltimore & Ohio R. Co. v. Stankard*, 56 Ohio St. 224, 232-233, 46 N.E. 577 (1897) (facts determined by a designated person pursuant to an employment contract are conclusive in the absence of fraud or manifest mistake); *Pfleger v. Renner*, 13 Ohio App. 96, 103 (1st Dist.1920) (arbitrator's award challenged only on the ground of fraud or material mistake). Furthermore a material mistake must be of such a character that the appraiser would have unquestionably altered his award if he had been informed of the mistake. *Steiner* and *Pfleger* at 104. Therefore, even if the appraisal was against the manifest weight of the evidence, we cannot vacate the appraiser's valuation.

{¶ 21} Appellants presented evidence that the properties have been valued at higher values for: 1) insurance purposes (Huber Road home—$25,000); 2) property taxation purposes from 2009 to 2014 based on a drive-by appraisal (Webb Settlement house—$53,600 and the Huber Road home—$32,000); 3) appellees' 2010 estate planning purposes (Webb Settlement house—$58,028 and the Huber Road property—$32,000); 4) this case in 2006 by a commission appointed to value the improvements (Webb Settlement house—$49,000 and the Huber Road home—$44,200); and 5) for the evidentiary hearing at issue by appellant, Warren Ruggles (Webb Settlement house—$50,000 to $55,000 and the Huber Road home—between $25,000 and $30,000).

{¶ 22} We find that none of this evidence supports a finding that the appraisal valuation was the result of fraud or a material mistake. While we recognize that the past valuations of the improvements were significantly higher, the reasons for the difference in valuations can be due to the timing of the valuation, the purposes for the evaluation,

11.

the method of evaluation, and the mere fact that a property owner's evaluation can be erroneous. Appellants bore the burden of proving fraud or a material mistake and yet did not call the appraiser to testify at the evidentiary hearing and explain why his appraisal was significantly lower than past appraisals. The fact that the valuations differed over the years is insufficient to establish fraud or material mistake. Without additional evidence of fraud or a material mistake, the appraiser's valuation must be accepted. Appellants' eighth assignment of error is not well-taken.

{¶ 23} In their ninth assignment of error, appellants argue the trial court erred by admitting into evidence the report of a court-appointed appraiser when it was never filed with the court, it did not contain a proof of service, the document was not properly authenticated, and the findings were not subject to cross-examination as the expert was not present.

{¶ 24} First, the court appointed the appraiser in this case and directed him to file his report by April 10, 2012 with the court, which he failed to do. Nonetheless, appellants carried the burden of proof and should have admitted the appraisal into evidence or called the appraiser as a witness. Appellants objected to the admission of the report into evidence, but the court cut off their objection and concluded the hearing. While we believe the court erred in failing to address the objection, it is clear from the transcript that appellants never contended that the appraisal report was not authentic. The entire hearing revolved around whether the valuations were accurate. Even if the report had been excluded from evidence, there was other testimonial evidence of the appraiser's

valuation of the two homes and the admission of the entire report was duplicative. Therefore, we find appellants' ninth assignment of error not well-taken.

{¶ 25} We address next appellants' first through sixth assignments of error related to their 2014 action to enforce the 2013 settlement agreement. When the evidentiary proceeding began, the court clearly directed the parties to discuss only the 2004 case and the 2011 settlement agreement. Nonetheless, appellees attempted to confuse the issues and convince the court that the 2013 settlement agreement superseded the 2011 settlement agreement and was a settlement of the entire case. In the end, the trial court appears to have understood the separate issues and rendered a judgment as to each issue, but overlooked the fact that the issues arose out of two separate actions. The trial court had not consolidated the 2004 and 2014 cases. Therefore, the trial court could not hold a joint evidentiary hearing nor issue a joint judgment entry in both cases.

{¶ 26} We begin with appellants' fifth assignment of error which most directly attacks the issue presented. Appellants argue that the trial court erred as a matter of law in the 2004 case by exercising jurisdiction over claims for breach of the 2013 settlement agreement because those issues were not before the court in the 2004 action and could only be addressed in the second action. We agree. While the court could have consolidated the issues and cases, it did not. We find appellants' fifth assignment of error well-taken.

{¶ 27} Therefore, that portion of the January 16, 2015 judgment which purports to enforce the 2013 settlement agreement and order appellees to pay appellants $20,500 is

13.

void.  The March 24, 2015 judgment dismissing the 2014 action is also reversed because no prior judgment had been rendered in the case.

{¶ 28} As a result of finding these two judgments void, the appellants' first, second, third, fourth, and sixth assignments of error are rendered moot.  This matter is remanded to the trial court so that the trial court may enter the proper judgment in the 2014 action and resolve the remaining issues presented in that case.

{¶ 29} Having found that the trial court did commit error prejudicial to appellants in part, the March 25, 2015 judgment in case No. H-15-005 (the 2014 case) is reversed and the case is remanded to the trial court for further proceedings consistent with this judgment.  The January 16, 2015 judgment in case No. H-15-007 (the 2004 case) is affirmed.  Appellants and appellees are ordered to equally share the court costs of this appeal pursuant to App.R. 24.

Judgments reversed in part
and affirmed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                       _____
                                                        JUDGE
Thomas J. Osowik, J.

Stephen A. Yarbrough, J.                _____
CONCUR.                                                 JUDGE

                                        _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.